UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80504-ROSENBERG

CHRISTINE LEONARD &
EDWARD S. LEONARD, III,

     Plaintiffs,

v.

MARK S. HOROWITZ, et al.,

     Defendants.
_____/

## ORDER DENYING PLAINTIFFS' MOTION TO REMAND

This cause is before the Court on Plaintiffs' Motion to Remand [DE 8]. The Court, being fully advised in the premises, hereby finds as follows:

1. Plaintiffs argue that this case should be remanded to state court because the Court does not have diversity jurisdiction. Plaintiffs argue that the $75,000 amount-in-controversy requirement for diversity jurisdiction is not met in this case. *See* 28 U.S.C. § 1332.

2. This is a case involving a motor vehicle accident. In a pre-suit demand letter, Plaintiffs demanded $1,000,000, later amended to $850,000. DE 10-1; 8-2.

3. The demand letter states that Plaintiffs have incurred over $121,000 in medical bills. *Id.*

4. Plaintiffs demand damages for "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, aggravation of a pre-existing condition, property damage and the loss of use of her vehicle." DE 1.

5. Plaintiffs have failed to provide any proof that damages in this case, in contrast to the pre-suit demand letter, would be less than $75,000. Plaintiffs instead rely upon the argument that Defendants have not met their burden to prove damages in excess of $75,000.

6. When a pre-suit demand letter seeks damages in excess of $75,000, a plaintiff should provide proof to establish the value of his or her claim is less than $75,000—proof which disputes the pre-suit demand evidence that *is* in the record.

> *See AAA Abachman Enter., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 864-67 (11th Cir. 2008); *Wood v. Colson*, 2011 WL 3319537 (N.D. Fla. Aug. 2, 2011); *Lazo v. U.S. Airways, Inc.*, 2008 WL 3926430 (S.D. Fla. Aug. 21, 2008). Moreover, "Courts may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

7. In light of the evidence in the court file (created by Plaintiffs) and in light of the Court's review of the allegations in the Complaint, the Court finds that the $75,000 requirement is met in this case.

8. Plaintiffs originally contended that the parties were not diverse, pointing to Defendant Mandel, a Florida citizen. Defendants' removal contended that Mandel was fraudulently jointed and Defendants' Response points to evidence (including an affidavit) that Mandel has no connection with this case. In Reply, Plaintiff is silent and, through that silence, Plaintiffs have failed to meet their burden to provide a counter-affidavit or counter-evidence on Mandel's joinder. *See Fowler v. Wyeth*, 2004 WL 3704897, at *4 (N.D. Fla. May 14, 2004). The Court concludes that Mandel was fraudulently joined and dismisses Mandel from this case.

9. In summary, the Court finds it does have diversity jurisdiction over this case and that the requirements of 28 U.S.C. § 1332 are satisfied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand and request for attorney's fees [DE 8] are both **DENIED**. Defendant Mandel is **DISMISSED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of September, 2019.

*[signature]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record